# UNITED STATES DISTRICT COURT



for the

Eastern District of Tennessee

OCT 26 2022

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>HISTORICAL CELL-SITE AND REAL-TIME<br>GEO-LOCATION INFORMATION FOR<br>TELEPHONE NUMBER (865) 888-3813 | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:22-MJ-**2187** |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Tennessee _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

This Court has the authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41. This warrant also constitutes an order under 18 U.S.C. § 3123.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____ October 19, 2022 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ United States Magistrate Judge Jill E. McCook _____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for _30_ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   10/5/22   3:15PM

*Judge's signature*

City and state:      Knoxville, TN

United States Magistrate Judge Jill E. McCook
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.:<br>3:22-MJ-2187 | Date and time warrant executed:<br>10/07/22 | Copy of warrant and inventory left with:<br>Provider |
| Inventory made in the presence of : | | |

Inventory of the property taken and name of any person(s) seized:

electronic data

FILED

OCT 26 2022

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/26/2022

_____
*Executing officer's signature*

John Shaa, TFO
_____
*Printed name and title*

## ATTACHMENT A

### Particular Items to be Searched

The cellular telephone assigned call number (865) 888-3813 ("**Target Cellular Device 1**"), whose service provider is T-MOBILE, which is being used by Duane CARTER. It is ordered that any Wireless Provider that is associated with (865) 888-3813, furnish the information outlined in **Attachment B**.

Information about the location of **Target Cellular Device 1** that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone even if it is subsequently assigned a different call number.

# ATTACHMENT B

## Particular Items to be Seized

All information, including historic, current and future data, about **Target Cellular Device 1** and location described in **Attachment A** for a period of sixty days prior to and through sixty days after the issuance of this search warrant, both day and night. Information about **Target Cellular Device 1** includes all subscriber information, MIN/ESN/IMSI/MSID and billing information, call logs for both received and transmitted phone numbers, time at which calls were placed, duration of the calls, SMS/MMS data including numbers to which messages were sent to, cell site activations, precision tracking through the use of GPS, per call measurement data (PCMD), RTT, NELOS and other location data calculated by the provider. "Information about the location of **Target Cellular Device 1**" also includes all available E-911 Phase II data, GPS data, latitude-longitude data, Per Call Measurement data (PCMD) and other precise location information, as well as all current and historical call detail records and cell site information, to include data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) and azimuth received a radio signal from the cellular telephone described in **Attachment A.**

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile services, including by initiating a signal to determine the location of **Target Cellular Device 1** on T-Mobile's network or with such other reference points as may be reasonably

1

available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance. As so defined, this search warrant, as herein ordered by the Court, orders the authorization and implementation of a pen register and trap ad trace device, for the noted time period, pursuant to Rule 41 of the Federal Rules of Criminal Procedure and Title 18, United States Code, §§ 2510, 2703, 3122, and 3123. Said pen register and trap and trace implementation shall be implemented contemporaneously with any other provisions of this warrant, and shall not only apply to the current denoted number, but to any number associated with the same ESN or IMEI of the target device.

Pursuant to an investigation of Duane CARTER and the CARTER DTO for violations of Title 21, United States Code, Sections 846, and 841(a)(1), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular devices identified in **Attachment A** by collecting and examining radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers for a period of sixty days, during all times of day and night. This warrant does not authorize the seizure of any tangible property.

2